1830.Vanderheyden
v.
Vanderheyden

---

## VANDERHEYDEN vs. VANDERHEYDEN.

An executor or guardian may employ a clerk or agent and charge the estate with the expense, where, from the peculiar nature or situation of the property, the services of such clerk or agent will be beneficial to the estate.

But for his own services, the executor or guardian, must be confined to the allowance by way of comissions as fixed by law.

In stating the account of an executor or guardian, if the court makes annual rests for the purpose of charging him with interest on the annual balances remaining in his hands, his commissions on the amount received, and actually disbursed during each year, may be deducted at each annual rest.

So far as the receipts and disbursments are actually offset against each other, it is an annual settlement of the account so as to authorize the deduction of the commissions at the time of such settlement.

THIS case came before the court on exceptions to the master's report, on stating an account against the administratrix of the guardian of the complainant. The guardian had used monies belonging to the infant, and the master in stating the account made annual rests for the purpose of charging the guardian with interest on these monies. The expenditures of each year were less than $1000, and the master at each annual rest deducted five per cent on so much of the receipts as had been actually disbursed for the benefit of the infant during the year. And at the close of the account he credited the defendant with the commissions, at the rate of five per cent. of the first $1000 of the balance, and at the rate of two and an half per cent. on the residue, according to the allowance settled by the court, in the matter of *Roberts*, ( 3 John. Ch. Rep. 43. ) The defendant insisted before the master that commissions to the full amount of the monies received by the guardian during the year should be allowed and deducted at each annual rest ; and that she, the defend-

July 6th

1830.

Vanderheyden
v.
Vanderheyden

ant, was also entitled to an allowance for the time and services of the guardian in attending to the superintendance of the infant's property, over and above his commissions for collecting and receiving the rents and profits of the estate. The master having decided against the defendant on these questions, she excepted to the report.

*Geo. R. Davis*, for the complainant.

*J. P. Cushman*, for the defendant.

THE CHANCELLOR. The question under the second exception is no longer open for discussion in this court. In *McWhorter* v. *Benson*, (1 Hopk. Rep, 28) Chancellor Sanford examined this question and decided that the executor or guardian was entitled to all proper expenses in which he had been subjected in the care and management of the estate; and that he might employ an agent or clerk, and charge the estate with the expense, where, from the peculiar situation of the property or from its nature, it was beneficial for the estate to subject it to that extra expense. But the executor or guardian, for his own services must, be confined to the allowance at a fixed rate, by way of commission on the monies received and disbursed, as settled by the court, in full for all his services in discharge of the trust. This exposition of the former law is now adopted and sanctioned by the legislature in the recent revision of the statutes. (2 R. S. 93, § 58; id. 153, § 22; Revisor's note to § 54, tit. 3, ch. 6, pt. 2)

I think the master was right in allowing commissions to be deducted at the annual rests, only to the extent of the monies which had been received and actually disbursed within the year. In the case mentioned by Hoffman, (*Hedges* v. *Ricker*, Hoff. Prac. 130,) the master refused to allow the per-centage on each sum received and paid out, but allowed it only upon the general aggregate. And this decision of the master was sanctioned by the court, on an appeal from his decision. The only doubt in this case is whether the master has not allowed too much, by deducting five per cent. on the annual receipts and disbursments, and also the five per cent on the first $1000 of the final balance. I think, however

that has been correctly allowed in this case; because the making of the annual rests for the purpose of charging the defendant with interest on the balance is, in fact, an annual settlement of the account. As the court settles the account annually, so far as the trust fund has been disbursed, for the purpose of charging the defendant with interest, it is proper to consider it settled to the same extent for the purpose of deducting the commissions on the receipts and disbursements which have been offset against each other in that settlement.

The exceptions are overruled, and the report of the master is confirmed.