1836.

In the matter
of the Bank of
Niagara.

In the matter of The Bank of Niagara.

A receiver, or other trustee, is not authorized to act himself as counsel in the business of his trust, so as to entitle himself to extra counsel fees for professional services beyond the allowances provided in the fee bill to attornies, solicitors, &c. The commissions allowed by law are intended to be a full compensation for his personal services in the execution of his trust.

Where the account of a receiver, or other trustee, is made up without a direction from the court to make periodical rests therein, his commissions, for receiving and paying, must be computed upon the aggregate amounts of his receipts and expenditures for the whole time of accounting.

If the receiver, or other trustee, renders annual accounts, in conformity with the provisions of the 154th rule of the court of chancery, he may charge his commissions on the receipts and disbursements of the previous year, exclusive of such sums as have been received for principal and reinvested. But if he neglects to render his accounts annually, upon the making up of his accounts afterwards, he can only charge his commissions upon the gross amount of the receipts and disbursements for the whole period since the rendering of his last regular account.

The receivers of the property and effects of the Bank of Niagara, an insolvent corporation, were directed by an order of the chancellor, to pass their accounts before the vice chancellor or the taxing master of the eighth circuit, preparatory to a final distribution of the funds of the corporation among its creditors. And upon the passing of such accounts the vice chancellor or master was directed to allow them, for their time and trouble including the payment of the balance of the fund in their hands to the creditors on the final distribution, in addition to their actual disbursements in the execution of their trust, the same commissions which are by law allowed to executors and administrators. Upon an application to the chancellor to confirm the report of the master, and for a final order as to the distribution of the fund among the creditors, it appeared that the master had allowed to the receivers commissions, on each item of their receipts and disbursements, at the rate of five per cent for receiving and five per cent for paying out every sum not exceeding one thousand dollars, and two and a half per cent for receiving and the like for paying out all sums ex-

November 15.

1836.
In the matter
of the Bank of
Niagara.

ceeding that amount; and five per cent for paying out the balance in their hands to the creditors on the final distribution of the fund among the creditors. The master, in addition to such commissions, had also allowed to the receivers, for their services, at the rate of about three dollars per day in addition to their disbursements; and the further sum of $280,62, by way of commissions upon the bills of the bank burned under the direction of a master, exclusive of the sum of $100,27, paid to the master for his services on the same occasion. He had also made an allowance to one of the receivers who was an attorney and counsellor, for counsel fees in examining certain claims in favor of and against the company; in addition to between two and three thousand dollars of taxed costs in suits in relation to the fund.

*J. Rhoades*, for the receivers, asked for an order to confirm the report, and for a further allowance for prospective services in relation to the distribution of the fund.

*M. T. Reynolds*, as amicus curia, and also in behalf of the creditors of the insolvent corporation, suggested that the master had allowed too much for commissions; and that the receivers were not entitled to any allowance for their own services beyond the commissions, which commissions were to be deemed a full compensation for personal services.

THE CHANCELLOR. The master who has passed this account has entirely misapprehended the rule of law as to the allowance of commissions to executors and administrators, as well as the principle upon which such commissions should be computed; the result of which is that he has allowed the receivers, in addition to the per diem allowance claimed by them for their services in the execution of the trust, about ten per cent upon the whole amount of the fund which has been received and expended, or which is hereafter to be paid out by them. He was also wrong in allowing the $280,62 by way of commissions to the receivers for burning the bills of the bank. The $100 paid to the master was certainly a sufficient compensation

to him for counting and making a statement of the whole amount and denominations of bills destroyed in his presence. All that the receivers had to do therefore, upon that occasion, was to deliver over the bills to the master that he might count and assort them and make a statement thereof, and when that was done to put them into the fire and burn them in his presence. It is impossible for me to conceive how the master's fees could have amounted to $100 on that occasion, even if he performed the whole labor of counting and assorting the bills, without any assistance from the receivers. But as the receivers swear that they paid the amount charged, and which was for his taxed bill of fees which I presume was produced before the taxing master, with the receipt for this disbursement, at the passing of the account, that item in the account cannot now be inquired into.

The receiver was not entitled to charge for extra counsel fees to himself, in addition to the legal taxable costs in suits prosecuted or defended by him as attorney or solicitor ; nor was he entitled to any allowance in the character of counsel for himself or his co-receiver, in relation to any other matter. The employment of counsel and the payment of a proper allowance for such services, when necessary, requires the exercise of a sound discretion on the part of the receivers or the trustee of the fund out of which such services are to be paid. It would, therefore, be as unsafe to allow a receiver or other trustee to contract with and pay himself for such extra services, as it would be to allow him to become the purchaser of the trust property which it is his duty to sell to the best advantage for the benefit of the estate. If he employs third persons as counsel, and where he has no interest in employing and paying them for services which are not absolutely necessary, there is comparatively little danger that the estate entrusted to his care will be charged with counsel fees which might safely have been dispensed with. No allowance for extra counsel fees to himself can therefore be made to a receiver, or other trustee, upon the settlement of his accounts.

1836.

In the matter
of the Bank of
Niagara.

The per diem compensation to receivers for particular services was also improperly allowed. The commissions upon the monies received and paid out are in lieu of all personal services of the receiver, executor, or guardian, except such taxable law charges as are allowed to attornies and solicitors by the fee bill, if he acts in that capacity. (2 *Paige's Rep.* 287.)

Even if the master was right in computing the commissions upon each item of the receipts and disbursements of the receivers, he has allowed double what they were entitled to; as he has allowed full commissions both upon the receipts and disbursements, whereas he should have allowed but half commissions upon each. The highest allowance under the statute, to executors and administrators, in full for all their personal services, is five per cent for receiving and disbursing: that is, two and a half per cent for receiving, and two and a half per cent for disbursing the same money, or paying it over to those who are entitled to it under the trust, or upon the final settlement of their accounts.

The master, however, was wrong in allowing commissions upon each item, thereby increasing the allowance beyond the amount specified in the statute. Where an account is taken without annual rests, the commissions are to be computed upon the aggregate amount of the receipts and disbursements; so as to allow five per cent for receiving and disbursing the first thousand dollars, two and a half per cent upon the next four thousand, and one per cent for the residue. In cases where the court directs annual rests to be made, for the purpose of charging the executor, or administrator, or guardian, with the interest upon the annual balances, the commissions are to be computed in the same manner upon the amount actually received and disbursed or paid over during each year, and in the same way upon the final balance: in such a manner, however, that the whole amount of commissions shall in no case exceed five per cent upon the whole amount which may come to the executor, or other trustee. And where a receiver, or guardian, or committee, appointed by this court, renders a periodical account of his trust, in the manner required by the

1836.

In the matter of the Bank of Niagara.

154th rule, he is at liberty to charge commissions upon the receipts and disbursements of the year, not including, however, re-investments of the principal of the fund received. But if he neglects to render correct periodical accounts of his trust in conformity to this standing rule of court, he can only charge his commissions upon the gross amount of his receipts and disbursements from the time of rendering his last regular account, unless the court shall think proper to direct the account to be taken with annual rests, for the purpose of charging him with the interest on the annual balances in his hands: in which latter case the commissions will be computed as if such annual accounts had been actually made. (*See Vanderheyden* v. *Vanderheyden,* 2 *Paige's Rep.* 287.)

I am aware that, in the case under consideration, the allowance only of such commissions as are by law to be paid to executors and administrators will be an inadequate compensation to the receivers, for their services in settling up the concerns of this very rotten institution, where the amount of the fund to be collected and paid out is so very disproportionate to the trouble of investigating its complicated concerns. But at the time the order for the passing of the accounts of the receiver was made, I was acting under the impression that the proceedings against this institution were commenced subsequently to the revised statutes, and that the court was therefore restricted by a statutory provision from allowing to the receivers any greater compensation for their services than the commissions allowed by law to executors and administrators. By the 76th section of the article of the revised statutes relative to the voluntary dissolution of corporations, the highest commissions which the court is authorized to allow are the commissions allowed by law to executors and administrators. (2 *R. S.* 470.) And this provision of the revised statutes is made applicable to receivers of insolvent corporations, or those which have forfeited their charters, by the forty-second section of the preceding article. (2 *R. S.* 464.) The allowance to such receivers, who have been appointed since the revised statutes went into operation, cannot therefore exceed the com-

1836.

In the matter
of the Bank of
Niagara.

missions of executors and administrators. But these statu-tory provisions are not restrospective in their operation. And as the usual allowance to receivers at the time of the appointment of the receivers of this institution was five per cent on the whole amount of their receipts and disburse-ments, that is, two and a half per cent for receiving, and and the like sum for paying over, it is proper that they should receive that compensation for their services. The order as to the allowance in this case must be modified ac-cordingly. It must be referred back to the master to re-state the account upon that principle; allowing to the re-ceivers five per cent for receiving and paying out the whole sum of $34,864,62, as mentioned in his report, and re-jecting all claims for any other personal services or counsel fees to the receivers; which allowance is also to be in full for paying over the fund in their hands to the creditors un-der the final order. The master is also to allow to the re-ceivers such sum as he may deem sufficient to cover future disbursements, not exceeding fifty dollars, beyond the dis-bursements incurred up to the time of entering this order and the master's fees upon the re-statement of the account. The master is also to ascertain and report the whole amount of the fund to be distributed and the amount per cent which it will pay upon the aggregate amount of the debts of the bank which have been exhibited and allowed. The receivers are also to destroy all the bills of the bank in the presence of the master, and such of the books as the master may deem to be of no use to preserve; and to deposit the residue of the books of the company with the clerk of Erie county for safe keeping and preservation, ac-cording to the provisions of the 63d section of the article of the revised statutes relative to documentary evidence and the preservation thereof. (2 R. S. 404.) The county clerk's fees of three cents for receiving and filing every such book must also be allowed by the master in passing the receivers' accounts. And upon the confirmation of the master's report, the receivers must give notice in the state paper and in a public paper printed at Buffalo, of the amount which will be paid of the claims allowed, and the

place in the city of Buffalo at which payment will be made if applied for at any time within two months after publication of the said notice. At the expiration of the said two months, the receivers are to return to the register a statement of the unclaimed dividends and the names of the persons to whom they appear to belong, and pay over to him the balance of the fund in their hands. And the register is to pay those dividends to such persons as may call for the same, within six months thereafter; deducting therefrom his usual commissions upon receiving and paying out, and the sum of six cents upon each claim for filing and marking the voucher therefor and entering the same in his book. Such dividends as shall not be called for within the six months, the register after that time is to deposit in the bank in which his accounts as register are kept, to the credit of this matter, and subject to the further order of the court. The money deposited by the receivers, with the accumulations of interest thereon, is to be paid over to them by the Bank of Albany. And upon the payment of the balance to the register and the presentment to him of the proper vouchers showing the payment of the dividends which the receivers have paid within the sixty days, they are to be discharged from further liability; but the trust is to continue for the benefit of those who are entitled to prosecute suits in the receivers' names under the previous order of the court.