---
Drake *v.* Price.
---

*A. Wager,* for the plaintiff.

*Wm. Eno,* for the defendant.

---

SAME TERM.   *Before the same Justices.*

DRAKE and wife *vs.* PRICE and ROBINSON.

Executors, after having received full commissions on a sum of money directed to be invested by them for the benefit of a legatee, are not entitled to charge five per cent for receiving and paying over the interest moneys, to the legatee, annually.   They can only charge one per cent.

APPEAL from a decision made at a special term of the court. The complaint alledged that the defendants were the sole acting

Drake *v.* Price.

executors of the last will and testament of Gilbert Hunter, deceased; that in said will the testator, among other things, directed his executors to place and keep $5000 at interest as the share of Julia Ann Smith, now the above plaintiff Mrs. Drake, and to receive such interest and pay the same over yearly, and every year, to her during her natural life, and then to divide the principal among her lawful heirs; that the defendants had had the said $5000 invested since the decease of the testator in the year 1842, and had received the annual interest thereof, to wit, the sum of $300 per annum, since that time, and had paid part of such sum to such Julia Ann, but had unlawfully retained and withheld a large part of said annual interest, to wit, $12 each year, and had neglected and refused to pay any or either of such sums of money to the said Julia Ann. And the plaintiffs averred that said executors had received and paid out more than $10,000 belonging to the estate of the testator besides the said $5000 invested for the said Julia Ann Drake, and had been allowed and had received the sum of five per cent on the first $1000 thereof, and two and a half per cent on the next $4000 thereof, and that although legally entitled to claim and receive but one per cent on all the above, including the annual interest payable to the said Julia Ann, they yet claimed and retained the sums aforesaid, being five per cent thereon, contrary to the statute in such case provided. And the plaintiffs claimed a judgment for the sum of $85,23, being the aggregate amount of such sums with the interest thereon.

The defendants demurred to the complaint for these causes: 1st. That this court had no jurisdiction of the persons of the defendants; 2d. That it had no jurisdiction of the subject of the action; 3d. That the complaint did not state facts sufficient to constitute a cause of action.

The judge, at the special term, after hearing arguments, upon the demurrer, ordered judgment to be rendered for the plaintiffs, for the amount claimed; with leave to the defendants to answer, on payment of costs. From this judgment the defendants appealed.

Drake *v.* Price.

*W. I. Street*, for the appellants.

*John Thompson*, for the respondents.

*By the Court*, BARCULO, J. The defendants, executors of Hunter's will, invested $5000 for the plaintiff, Mrs. Drake, pursuant to directions of the will, to pay over to her the interest. This they have done for several years, retaining *five per cent of the interest moneys as commissions*, after having had full commissions on settling the estate. The plaintiffs sue to recover back four per cent, contending that only one per cent can lawfully be taken. I so decided at the special term.

I still think the decision right. The case of *Valentine* v. *Valentine*, (2 *Barb. Ch. Rep.* 430,) is an authority for saying that commissions are not to be taken in two capacities, i. e. as executors and as trustees. And although in *Vanderheyden* v. *Vanderheyden*, (2 *Paige*, 287,) full commissions were allowed upon the annual receipts and disbursements, yet it was solely upon the ground that the annual rests, made for the purpose of charging interest against the guardian, were to be considered annual settlements of the accounts. It seems to me that this case is a mere continuance of the executor's duties, and that having received full commissions on $5000, they can only take one per cent upon the proceeds of the fund, and are not permitted to begin anew every year.

The judgment should be affirmed with costs.

Judgment affirmed.