## WESTERFIELD *vs.* WESTERFIELD.[*]

### *In the matter of the Estate of* JANE ACKERMAN, *deceased.*

COMMISSIONS are not chargeable upon legacies, unless indirectly by way of abatement, when the general estate is insufficient to pay them.

Legacies are payable out of the surplus remaining after the payment of debts, expenses of administration, and the commissions of the executor or administrator.

If a legacy be given to an executor in trust, double commissions will not be allowed ; but if the trust require the executor to receive and disburse the income of the legacy, he will be entitled to commissions upon the amount of such income, and also to his expenses in managing such trust fund as against the legatee or *cestui que trust.*

W. MULOCK, *for Legatees.*
C. W. SANDFORD, *for Executor.*

THE SURROGATE. The deceased set apart by her will a certain fund of six thousand dollars, then out at interest on bond and mortgage, to be held and disposed of by her executors upon certain trusts. The children of Rachel Westerfield are now entitled to $2000 out of that sum,

[*] See page 137, *supra.*

with some arrears of interest thereon. The executor claims commissions on this sum, on the ground, that as to this fund, he has, in its receipt and management, acted in the capacity of a trustee, and is, therefore, entitled to commissions in that character.

Commissions are not chargeable on legacies, unless indirectly by way of abatement, when the general estate is not sufficient to pay them. On a regular accounting, the whole amount of receipts and disbursements forms the basis of charging commissions, which are then deducted, and the legacies paid out of the surplus remaining after the payment of the debts and expenses of administration. In this case, the surplus of the estate of the testator is sufficient to discharge the legacy, and the commissions of the executors should not directly or indirectly fall upon the amount due the legatees. If the executor claims double commissions, first out of the general estate as executor, and then out of the legacy for its receipt and payment as trustee, I cannot award the latter, for it is in his character as executor alone, that I have jurisdiction over him; and as an executor he has no right to be paid out of the legacy. If the legacy had been directed to be paid to some third person as trustee for the legatees, and such payment had been made, the trustee would not have been amenable to my authority. But the testator has directed his executor to hold this fund in trust; has not, therefore, divorced the trust from the executorship, but on the contrary, attached the trust to it, so that one accompanies the other, the trust belonging to the office of executor. ( *Valentine* vs. *Valentine*, 2 *Barb. Ch. R.*, 438.) So far as the income of a fund set apart in trust in this way, is concerned, it would doubtless be equitable to charge the executor's commissions on the annual interest, and not on the general estate, but in regard to the commissions on the receipt by the executor of the principal fund, as part of the assets of the testator, and the payment of it to the legatees, they are justly chargeable on the general estate, and not on the legacy.

I disallow, therefore, the claim of commissions on the principal sum of $2000, now to be paid over to the legatees, but allow it as to the interest which has accrued thereon.

The item of $152 54, expended by the executor about the management of the fund, is sustained by the voucher produced, and is chargeable upon the specific fund for the protection of which it was paid. One third of that amount with interest may be retained by the executor accordingly, out of the third part of the legacy now claimed and ordered to be paid.