Paige, J.
 

 (Dissenting.)
 
 — The office of an executor is, to take possession of all the goods, and chattels, and other assets of the testator; to collect the outstanding debts and sell the goods and chattels, so far as is necessary to the payment of the debts and legacies; to pay the debts and legacies, and, under the order of the surrogate, to distribute the surplus to the widow and children, or next of kin of the deceased. These acts embrace all the duties which appropriately belong to the executorial office. If any other duty is imposed upon the executor, or any power conferred, not appertaining to the duties above enumerated, a trust, or power in trust, is created, and the executor becomes a trustee, or the donee of a trust power. And such powers are conferred, and such duties imposed upon him, not as incidents to his office of executor, but as belonging to an entirely distinct character — that of trustee; and in all such cases the trust and executorship are distinguishable and separate.
 

 The allegations of the complaint make out a case of trust. The defendants, who were executors, were directed in the will of Gilbert Hunter to invest $5000, as the share of the plaintiff, Julia Drake, and to keep the same invested, during her life, and to receive the interest, and pay the same over, annually, to her during her life, and on her decease, to divide the principal among her lawful heirs. The defendants, in accordance with the direction of the will, invested the $5000, and have annually paid over to her the interest, deducting therefrom five per cent, commissions.
 

 This is not like the case of
 
 Valentine
 
 v.
 
 Valentine,
 
 2
 
 *406
 
 Barb. Ch. 430. In that case, the trust had not been assumed by the executors, by an investment of the trust moneys, and the consequent separation from the moneys held by the defendants in their character of executors; here, the separation was made. The share of the plain-, tiff, Julia Drake, was taken out of the mass of the moneys ^belonging to the estate of the testator, and invested as a separate trust-fund for the use and benefit of the
 
 cestui que trust.
 
 The payment of the interest annually on the sum so invested to the plaintiff, Julia Drake, is equivalent to an annual accounting, under the 154th rule of the late court of chancery, and entitled the defendants to full 'commissions on the sum so received, as interest, and paid over each year, without regard to the aggregate amount of the previous receipts and disbursements by them, either as executors or trustees. (6 Paige 216; 7 Id. 266; 2 Id. 287; 9 Id. 467.)
 

 The question whether the defendants would be en-' titled to double commissions for receiving and paying-out the principal sum of $5000, does not arise in this case. There was no actual payment to the defendants of the $5000 as trustees; the money being already in their hands as executors; and there will be no actual payment out of the $5000, until the death of Julia Drake. The revised statutes allow executors full commissions, only when moneys are both received and paid out; and under the late chancellor’s decision, one-half commissions are to be allowed for receiving, and one-half for paying out. (7 Paige 267.) No commissions can be allowed, either on the investment or the reinvestment of trust moneys, or on the collection of moneys so invested or reinvested. (7 Paige 265.) I am of opinion, that the judgment of the supreme court should be reversed.
 

 Judgment affirmed.