*Orphans' Court, Dauphin County, January 30th,* 1855.

## In the Matter of the Account of Mumma, Guardian of Gotshall.

An attorney-at-law, acting as a guardian, is entitled to compensation for professional services rendered to his ward's estate.

By the Court.—The report of the auditor presents a single question: "Can a guardian, who is an attorney-at-law, charge his ward for professional services rendered?" The auditor came to the conclusion that he could not, and struck the item from the account. The beneficial character of the service is conceded, but it is said to be against legal policy to sustain the charge, and is contrary to settled principles of jurisprudence. We have no decision on the subject in Pennsylvania that I am aware of; and the auditor therefore has adopted the English rule, and from the law, as there established, has shown by a clear, lucid, and logical argument that the claim must be disallowed. It is clearly settled in England that a trustee is never entitled to compensation, however arduous the duties of the trust, except where there is an express provision found in the instrument creating it; and this rule is applicable to every class of trustees, including executors, administrators and guardians. The doctrine is the same in New York, except where it has been altered by statute (1 John Ch. 27; Ibid. 527; 6 Paige, 213). To cite additional authorities on this subject would be an affectation of learning. In Pennsylvania, on the other hand, the rule is clearly otherwise, and compensation is allowed in every case, except where the trustee has undertaken to

perform the duties gratuitously. There was no decision in England at the time of the American Revolution showing that an attorney-at-law, being a trustee, could not recover for services rendered to the trust estate as an attorney; consequently there is no rule binding on us, as the decisions are not obligatory; but had the subject come before their courts at an antecedent period, I have no doubt that the point would have been settled as now established. The courts, both of law and equity, have long declared that a trustee could recover no compensation; nor is anything allowed to a barrister without an express contract, and probably not to an attorney beyond his legal fees. But every State has a right to establish such a system of jurisprudence as best suits the circumstances of the people, and accords with the interests of the majority; and in Pennsylvania from the first settlement of the province trustees of every character have been entitled to compensation, and attorneys-at-law can recover on a *quantum meruit.* The objection to this claim most relied on under the English law therefore has no application in this State.

It is said to be contrary to public policy to allow any remuneration for professional services to an attorney when acting in a fiduciary capacity, as thereby he might be tempted to involve the estate in improper litigation. His duty might clash with his interest, and the latter predominate. Such appears to be the reasoning of Lord Lyndhurst, as given by Williams in his treatise on Executors, and all compensation to the attorney was refused (2 You). In Christopher *v.* White (10 Beavan, 523), the court went even further, and refused it to the other partner of the trustee, as by allowing it the latter would indirectly obtain compensation, which is against public policy. Though it is there said that had another attorney been employed, it would have been allowable. In the Matter of the Bank of Niagara (6 Paige), the same course of reasoning is adopted by the Chancellor of New York, and nothing was allowed to the attorney trustee but his legally taxable costs; and as a trustee he must perform his duty without compensation; and as an attorney can recover nothing for services without a contract, and could not bargain with himself. It is stated that there would be great danger in suffering a trustee to employ counsel, when he is himself the person to be employed. On the contrary we have a decision of the Supreme Court of Alabama in Harris *v.* Martin, 9 Alabama Rep. 895, in which the whole subject is fully and ably examined, and compensation allowed an attorney administrator for attending to suits brought and carried on *bonâ fide.* The court declares that for advice or other small acts done in the performance of the trust he cannot be compensated, but for litigation of importance to the estate, publicly conducted, there can be no difficulty in the court determining the propriety of the proceeding and amount of remuneration; and

an allowance should be made equal to that ordinarily given to counsel of equal standing for similar services; the court to judge of the necessity. The difference is clearly pointed out between the rule in England and Alabama, both as to compensation to trustees and attorneys; and it is said that there is no reason why an attorney should not be allowed for his services, when necessary, and rendered *bonâ fide*, and the inquiry should be, "What would a prudent man, vested with the functions of an administrator, feel authorized to pay an attorney under all the circumstances?" This decision in all its bearings is better adapted to our system of jurisprudence than the rule adopted in England and New York, and I am disposed to follow it.

For one humble member of the legal profession, I never can consent to establish a rule by which it is implied that every lawyer is dishonest and will encourage litigation for the mere purpose of putting money in his own pocket. By a parity of reasoning we must say that, if the guardian chanced to be a physician, he could not charge for professional services rendered to his ward in case of sickness, because he had an interest in creating an imaginary disease, so as to render his services; or, if the sickness were real, in making more visits than the nature of the case required. Or should he chance to be a tailor, shoemaker, or hatter, the bills for articles in his line, furnished the minor, must be rejected, because the interest of the mechanic would lead him to furnish too great an amount of the particular kind of clothing to the ward, and thereby clash with his duty. The court can as well determine as to the propriety and necessity of litigation as it can of the mechanics' bills, and infinitely better than of the physician's services.

We feel ourselves fully authorized, on every sound legal principle in force in Pennsylvania, to allow a fair and reasonable compensation for professional services rendered by a trustee, the court always being the judge as to the propriety, necessity, and value of the services. Nor do we believe that such a rule will endanger the interest of the *cestui que trust*, but on the contrary, will tend to promote it.

By the practice of the English and New York courts, the trustee is tempted to give himself as little trouble as possible in relation to the trust estate. He may know of valid claims, yet fail to search them out and pursue them, as thereby not his compensation but his labor is increased. A vigilant, active, and intelligent lawyer, acting in a fiduciary capacity, may be able to ferret out and recover property of value to those he represents; and, in our opinion, the interest of society is promoted by encouraging him in so doing. We cannot believe that by so deciding we clash with any rule of law or public policy. In England and New York an attorney administrator is justifiable in engaging

another attorney to attend to the interests of the estate; and if such attorney happens to be an executor or guardian, he may, in turn, employ his employer in relation to *his* trust. Why not permit each to attend to the business of his own estate, which he best understands, and not drive the two to an exchange of labor? The litigation, for attending to which the present compensation is claimed, came under the immediate observation of this court. Therefore we can judge of its propriety and the extent of the services. The guardian, through his knowledge as an attorney, and by his vigilance in the pursuit of his profession, saved the whole amount recovered from the railroad company for his wards, and is, in our opinion, well entitled to the compensation demanded. If we had not the power to allow it in this form, we should in another, by increasing the sum given by the auditor to cover expenses and as compensation for his labor as a guardian. But we prefer meeting and deciding the main question of the case, it being of great importance to the legal profession in Pennsylvania, as they, more than any other class of men, are called on to act in a fiduciary capacity.

It is ordered by the court that the report of the auditor be reversed on the exception filed; that the account, as originally filed, be confirmed, and the costs of the audit paid out of the fund in the hands of the guardian, to be equally deducted from the share of each ward.