Woodruff, J.
The propriety of the payment to Mr. Collier, the appellant, of the sum claimed for his .valuable services as counsel, in the protection of the estate from heavy loss, by defending the action referred to in these proceedings, could not be questioned, if there was no settled rule and no manifest policy which forbade it; and in this particular case, upon the facts dis•closed, if .an exception could be made to what I conceive to be a whe and well-settled rule, I should be dis *195 posed to make it an exception. But I cannot perceive that services as counsel stand upon any other footing than any services which an executor is not, in virtue of his office, bound to render in person. They are what have been in the cases styled “ extra services,”—i. <?., services which, although they pertain to the well conduct of the business of the estate, are not devolved upon the executors personally. The executors may employ other persons to render them, and may allow to such other persons a just compensation therefor, and such allowance they may charge to the estate.
For many purposes executors may employ agents and assistants, and, when necessary, attorneys and counsel, and the extent to which they may do this will depend upon the situation of the estate, and the greater or less occasion for such services as do not properly belong to the executors to render.
Thus the affairs of an estate may be so extensive or complicated as to warrant the executors in employing a bo< kkeeper, or an agent to let real estate entrusted to their management, or to collect rents, or an agent to make other collections, make journeys for the collection or protection of the assets, or for the performance of other duties.
Although the services of counsel skilled in the conduct of important litigations are of a higher grade than some of those suggested, they do not, in respect to the question whether the executor may himself claim compensation therefor, if rendered by himself, stand upon any other ground.
The question is one often heretofore considered,— viz: can an executor claim to be allowed for “extra services ” rendered by himself in the conduct of the affairs of the estate, a compensation beyond the commissions allowed by statute ?
More than fifty years ago, it was held by Chancellor Kent, upon a careful review of the subject, that a trustee is not entitled even to commissions on his sales, or receipts or payments, or any compensation for his *196 care or pains in the execution of his trust, but only to an allowance per diem for his services'and his expenses of travel. He rejected a charge by way of- retaining fee as counsel. He says, “ Nothing can be stronger or more explicit than the uniform language of the English-court of chancery upon this point, and if I were even free from the weight of authority, I should hesitate greatly before I undertook to question the policy or wisdom of the rule (Green v. Winter, 1 Johns. Ch., 26). And shortly thereafter, in another case, he held distinctly that an executor or trustee is not entitled to commissions or compensation for his services in the execution of his trust; and again he reviewed the prior history of the subject with his usual ability and clearness.
This promulgation and sanction of the rule of the English court of chancery undoubtedly led the legislature to consider whether some relaxation of the rule was not expedient, lest it should be difficult to find suitable persons who would discharge the confidential trusts of executorship or administration without any reward therefor ; and the act of 1817 was passed, giving the chancellor a discretion to allow compensation.
And, thereupon, in order that the evils which lay at the foundation of the rule might be avoided, and no danger to legatees or next of kin arise from temptation to do anything in the administration for the mere sake of the compensation to accrue thereby, the chancellor fixed the compensation for his services at a per centage upon the amount of the receipts and payments, wholly irrespective of any question whether the executor had been put to more or less pains or trouble in the administration-(see Rule No. 3, Johns. Ch., 630).
Under, this rule it was held by Chancellor Sanjford that an executor is entitled to reimbursement for all proper expenses in the administration ; that he may employ agents, clerks, &c., whenever the business of the estate requires it, and will be allowed their reasonable compensation. But for his own services, his compensation must be confined to the allowance of a fixed rate by *197 way of commissions, as settled by the rule. That these commissions are in full for all his services in the discharge of the trust (McWhorter v. Benson, Hopk., 28).
The Revised Statutes, in substance, enacted the rule of the court of chancery on the subject (2 Rev. Stat., 93, §§ 58 et seq.); 'and shortly thereafter Chancellor Walworth declared and held that the exposition of the previous law by Chancellor Sahrord was now adopted and sanctioned by the legislature in the recent revision of the statutes (Vanderheyden v. Vanderheyden, 2 Paige, 287).
Notwithstanding these decisions, and the grounds, in a wise policy, upon which the rule is founded, it seems to have been still insisted that the commissions were intended as compensation only for the responsibility and the general supervision and the receipt and payment of moneys ; and that for extra services further compensation might be allowed.
This claim overlooked the obvious intent to make the sums called commissions compensation, not for the services of receiving and paying, but compensation for the whole service, measured by a fixed standard.
Sometimes it would doubtless be quite inadequate to compensate for the labor, care and pains bestowed : sometimes the compensation would be liberal. But the point of importance was to make the amount in-each case definite, so that there should be no possible temptation of pecuniary interest to influence the conduct or mislead the discretion of the executor or other trustee in similar relations.
Hence the chancellor, in the Matter of the Bank of Niagara (6 Paige, 218), held that a receiver is not entitled to charge for counsel fees to himself in suits prosecuted or defended by him as attorney and counsel. The costs legally taxable by statute he is entitled to, and to them only. Nor is he entitled to any allowance in the character of counsel for himself or his co-receiver in any other matter.
I am quite unable to perceive why this decision, if followed, does not dispose of the case. Receivers were entitled to the same compensation as executors.
*198 It reiterates the proposition that even in respect to such services as executors are not personally "bound to render, but for which they may properly employ and pay others, they cannot claim compensation themselves, and it states the danger of subjecting executors, &c., to the influence of any other rule.
And once more, in Church v. Eckford (8 Paige, 412), this subject of compensation for extra services by an executor, and the right or power of the co-executor to pay it, or bind the estate to make payment, was considered by the chancellor. He holds that without an authority in the will of the testator for that purpose, executors are not authorized to employ one of their number to perform extra services as clerk in keeping the accounts of the estate, and allow him a salary.
This is not on the ground that a bookkeeper may not be employed in a proper case, and be paid a salary, or that it is a necessary part of the duty of the executor to keep the books himself; but on the grounds already suggested, that an executor is not permitted to make profit by his services rendered the estate, beyond the fixed compensation allowed by law.
It is not necessary to say whether there can be any circumstances so extraordinary as to create an exception to the rule—such as is supposed to be suggested by the cases in England in which services were rendered in India or the West Indies (1 Sim., 23 ; 2 Mass., 585 ; 1 Moore Pric. Coun. Ca., 40). I regard the principle well founded, and the cases cited as decisive of the case now before us. True, they were neither of them decisions of the court of last resort; but in my judgment the reason they are not found affirmed there is, that their correctness has received universal approval and acceptance.
And these cases clearly settle the claim that the formal special employment of the appellant by his co-executors cannot aid him. They could not pay him what they had no right to take for like services themselves.
The consent of some of the parties cannot bind the others, nor, of course, the infants.
*199 It would unquestionably have been competent for the adult legatees to retain the appellant, and make such agreement for compensation as would have made them liable personally. And, it being fairly made, ,it would be free from objection at law or in equity.
With the unreasonableness of the resistance to this claim of the appellant, which in this case is for a valuable service rendered in good faith, far beyond what his duty as executor required, or with the eminent propriety of payment by the adult legatees for a service from which they have apparently derived so considerable a benefit, we cannot deal.
On this appeal we can only say the judgment must be affirmed.