By the Court.
Folger, J.
In Collier v. Munn (41 N. Y., 143; S. C., 7 Abb. Pr. N. S., 193), this court held that an executor who was also an attorney and counsellor at law, could not receive from the estate for his own services, though professional, rendered in the affairs of the estate, a compensation beyond the commissions allowed by the statute. The decision was not put upon the ground that the services rendered were not necessary, were not meritorious, were not of value to the estate. It was put upon the wise policy of the rule, which required that there should be a fixed standard by which the compensation for the whole services of the executor should be measured, and he be not led into temptation to do anything in the administration for the mere sake of the compensation to accrue thereby.
The policy of the rule commends it to my judgment, and I deem sound the decision cited. The rule is applicable to a guardian as well as to an executor.
It is sought to vary the case in hand from that cited, and to establish an exception to the rule it recognizes and reaffirms. It is said that in this case, the extra services rendered by the guardian were approved of by the surrogate before they were rendered. To this, it might be answered that the approval was not official. There was no order of the surrogate sitting as a court. Again, it was an approval in general, and prior to the occurrence of a need for the particular services sought to be charged for. But I will not put my disapproval of the exception sought to be created to the rule, on so narrow a basis. It makes no difference whether the guardian applies to the surrogate for a formal order directing the performance of an extra service, and fixing the compensation for it, before the service is done, or whether, after it is done, the surrogate ratifies and *369 allows it, and then fixes and allows a charge against the estate as an extra compensation. In each case, the surrogate must act upon the representation and proof of the guardian as to the necessity, the extent and value of the service to be rendered, or which has been rendered. The evil to be guarded against may be present in one case as in the other. In either case, if the guardian may by possibility be allowed an extra compensation for services not strictly within the line of his official duty, there may arise the incentive to create or magnify the need, and to overrate the value of the performance.
The policy of the rule is in both cases avoided.
2nd. It may be stated, as a general rule, that annual rests in the accounts of an executor or other trustee, cannot be taken for the purpose of allowing him commissions at full rates upon the balance then found. But where annual rests are required by the special direction of a court, for the sake of charging the trustee with interest, or by a rule of court, or by the provisions of statute ; then full commissions maybe computed upon the amounts, excluding reinvestments of principal (In re Bank of Niagara, 6 Paige, 213).
A guardian is required by statute to file accounts with the surrogate each year, and his accounts will then show necessarily annual rests (Laws of 1837, p. 534, ch. 460, § 57).
And if he has made these accounts annually, or at intervals, he may be allowed commissions in full upon each account.
But, for the reason first suggested, the judgment of the general term and the decree of the surrogate should be reversed.
A majority of the judges present concurred.
Judgment of supreme court and decree of surrogate reversed, and proceedings remitted.