## JOHN C. DANLY

*v.*

## THE EXECUTOR OF PETER CUMMINS, deceased.

Where the interest of a fund is directed to be paid to one person for life, and the principal fund to another on the death of the first, commissions for collecting and paying the interest must be paid out of the income, and are not chargeable against the principal.

On final hearing on bill and proofs.

*Mr. Charles D. Thompson,* for complainant.

*Mr. J. G. Shipman,* for defendant.

THE VICE-CHANCELLOR.

This is a suit for a legacy. The testator, Peter Cummins, directed his executor to invest one-fourth part of the residue of his estate, on good security, and pay the interest thereof annually to his daughter Julian, during her life, and, on her death, to divide the principal among certain persons, of whom the complainant is one. By the death of the life tenant the principal has become payable. No question is raised as to the complainant's right; the contest is simply as to the amount he is entitled to recover.

The defendant insists that he is entitled to be paid commissions, out of the principal fund, on the interest received and paid by him to the life tenant. No commissions were deducted from the interest, but the whole was paid over to the life tenant. Commissions on the principal fund were paid out of the general estate on the settlement of the defendant's account.

The principle laid down by the court of errors and appeals in *Holcombe* v. *Holcombe, 2 Stew. 597,* is, in my opinion, precisely in point. It was there held, that a life tenant must wholly bear all charges which do not go to the permanent benefit of the estate or fund, and, consequently, that a tax levied upon a fund invested for the use of one person for life, with remainder to another, must be paid out of the income of the fund. That judgment rests on the maxim, that he who gets the benefit of the fund ought to bear its burden. No distinction can be made between taxes and commissions, which, as a matter of right, will cast taxes on the income and commissions on the principal. Commissions are allowed as compensation, not only for the safe keeping of the fund, but also for receiving and paying

14

over the interest, while taxes are imposed for the protection and security given to the fund by the government which exacts them.    The principle of the case just mentioned must, in my judgment, determine this.

But, it is necessary to add, this precise question has been repeatedly ruled.    In *McKnight's ex'rs* v. *Walsh, 8 C. E. Gr. 149,* a testator had directed his executor to invest $25,000, and pay the interest thereof to his daughter, Sarah, during her life, and after her death to pay the principal to her child or children.    In a contest between the legatee in remainder and the executor, as to whether the latter was entitled to any commissions at all, he having retained the fund uninvested and used it in his own business, Chancellor Zabriskie held that the legatee was entitled to the principal free from commissions.    Commissions were disallowed on the ground that the executor had committed a breach of trust, but the chancellor, in commenting upon the executor's rights and duties, said, that if he had properly invested the fund and collected and paid over the interest, his right to commissions would have been limited to the interest, and they could only have been deducted from the interest after the rate to be allowed had been fixed by the proper tribunal. The same judge, in *Lathrop* v. *Smalley's ex'rs, 8 C. E. Gr. 192,* said, that an executor holding a fund to be invested for the use of one person for life, with remainder to another, was entitled to commissions out of the yearly interest, but he had no authority to withhold any part of the interest in payment of commissions until an allowance had been made by the proper court.    And Surrogate Bradford, in *Booth* v. *Amerman, 4 Bradf. 129,* decided that, where the interest of a fund is directed to be paid to one person for life and the principal to another on the death of the first, commissions and taxes must be paid out of the interest, and are not chargeable against the principal.    He had previously enforced the same rule in *Westerfield* v. *Westerfield, 1 Bradf. 198.*    Where the gift is in the form of an annuity, or it clearly appears the testator intended a specific sum should

be paid at certain periods, clear of all imposts and charges, a different rule prevails, and, in such cases, the life tenant is not bound to submit to any diminution. *McComb's Case, 4 Bradf. 151; Swett* v. *Boston, 18 Pick. 123; 3 Wms. on Ex'rs (6 Am. ed.) 1647.*

Principle and authority are both opposed to the defendant's claim. The complainant is entitled to recover the amount of his legacy, without deduction for commissions.