KINGS COUNTY.—HON. W. L. LIVINGSTON, SURRO-
GATE.—June, 1882.

HALL V. CAMPBELL.

*In the matter of the judicial settlement of the account of
GEORGE W. CAMPBELL and another, executors of, and
trustees under the last will of GEORGE C. HALL, de-
ceased.*

A testamentary trustee who has, *pursuant to a decree of the Surrogate's
court*, before which he accounted as executor, separated the fund ap-
pertaining to a trust of personal property, from the general fund of the
estate, and kept the same invested by itself, may, upon paying over the
principal of such trust fund, upon a contingency provided for in the
will, have full commissions as trustee, for receiving and paying out the
same, although he was allowed full commissions on the whole estate,
on his accounting as executor.

It is the duty of an executor to render and settle his account without any
other expense to the estate, than the sums authorized to be allowed to
him by Code Civ. Pro., §§ 2561 and 2562, and such taxable disburse-
ments as are connected with the proceedings for a judicial settlement.
Thus, he cannot be allowed to retain, from the balance in his hands,
in addition to the sums above mentioned, the amount of compensation
paid to a book-keeper for making up the account.

Hall v. Hall, 78 *N. Y.*, 535—distinguished   Matter of Carman, 3 *Redf.*, 46;
Ward v. Ford, 4 *id.*, 34 - followed.

Testator, by his will, gave the residue of his estate to

his executors and trustees, to have and to hold the same to themselves and the survivors or survivor of them, and their successors or successor, in trust, to convert the same or such as should not be already invested, into money, as soon as practicable after the decease of the testator; to divide the same into as many parts as he should leave children, with one additional part for his wife, if living; to invest each share and apply the income and profits thereof, respectively, to the support of his wife during her life, or until her remarriage, and to the support of each child during its minority; to pay over each child's share upon his or her death or majority, as provided; and to divide the wife's share, upon her death or remarriage, equally among the children.

The executors accounted in 1874, and were allowed full commissions on the whole estate, as executors. They again accounted in 1878, the decree directing them to pay over to Margaret J. Hall, a daughter and legatee who had become of age, her share of the estate, and allowing them commissions only on the amount of income collected since the last accounting. They contended that they were entitled also to full commissions *as trustees*, on the share paid to said legatee, but this was disallowed (Hall v. Hall, 78 *N. Y.*, 535). The decree also directed them to set apart and invest separately each legatee's share, which they did, keeping separate accounts for each share. Further facts are stated in the opinion.

JESSE C. SMITH, *for the executors.*

.RICHARD INGRAHAM, *for Margaret J. and Francis H. Hall.*

J. T. MAREAU, *guardian ad litem for infants.*

THE SURROGATE.—The testator, by the eighth clause of his will, devised and bequeathed all the rest, residue and remainder of his estate to his executors, thereinafter appointed, *in trust*, to convert the same into money, to divide his estate into as many parts as he should leave children, with one additional part for his wife, if living, to invest each share, and apply the income and profits thereof, respectively, to the support of his wife during her life, or until her remarriage, and to the support of each child during its minority, and to pay over each of the children's shares, upon the death or majority of its beneficiary, as therein provided; the share of the widow, upon her death or remarriage, to be divided equally among the children (see Hall v. Hall, *18 Hun, 358*).

The executors had a final accounting in 1874, wnen they were allowed full commissions on the whole estate as executors. They had another final accounting in 1878, when they claimed full commissions as trustees; but their claim was disallowed (see Hall v. Hall, *18 Hun, 358; 78 N. Y., 535*).

The executors thereupon set apart and invested separately the share of each legatee, as directed to do by the Surrogate's decree made on the accounting in 1878, and kept separate accounts for each share. The widow has recently remarried, and her share is to be distributed among her three children; the executors claim that they are entitled to full commissions as trustees on receiving and paying out the principal of said share.

Executors are entitled to certain commissions, allowed to them by statute, for taking care of and managing the estate of their testator, and trustees are entitled to the same commissions for executing the trust conferred up-

on them; and where the will imposes upon an executor a trust, in addition to his duties as executor, it would only seem fair to allow him his commissions in both capacities, particularly in view of the manifest inadequacy of the commissions as a compensation for the responsibilities assumed and the services rendered in either capacity.

But there are numerous authorities against giving to an executor double commissions *on the same fund*, where the trust consists in requiring him to hold it until the time shall arrive to pay it over to the *cestui que trust*, and, in the meantime, to keep it invested and apply the income thereof as directed (Valentine v. Valentine, *2 Barb. Ch., 430;* Drake v. Price, *7 Barb., 388;* affi'd *1 Seld., 430;* Westerfield v. Westerfield, *1 Bradf., 198;* Mann v. Lawrence, *3 Bradf., 424;* Lansing v. Lansing, *45 Barb., 182;* Betts v. Betts, *4 Abb., N. C.,* on p. *437;* Hall v. Hall, *18 Hun, 358;* affi'd *78 N. Y., 535*).

Although, in some of these cases, the trust fund had been separated from the general fund of the estate and kept invested by itself, yet in none of them was the fund held, as in this case, by the executor as trustee under the decree or order of the court by which his accounts as executor had been settled. Such was the fact, however, in the Matter of Carman (*3 Redf., 46*), and in Ward v. Ford (*4 Redf., 34*), in both of which cases double commissions were allowed on the same fund, to the same person as executor and as trustee.

In Hall v. Hall (*78 N. Y., 535*), counsel for appellants printed in his brief the opinions of the Surrogate in the Matter of Carman, and in Ward v. Ford (*supra*), and the Court of Appeals distinguishes Hall v. Hall from those two cases, alluding to the fact that, in the one, the

executors had kept the fund separate and distinct from the fund in their hands as executors, as directed to do by the decree of the Surrogate, and in the other they had retained the moneys in their hands as trustees, under the decree of the court; and the opinion of the court concludes in these words: " It is unnecessary to express an opinion as to the right of the appellants to receive commissions hereafter, as trustees, on the several amounts which they are directed by the decree of the Surrogate to set apart, and invest for the several legatees."

In the still more recent case of Hurlburt v. Durant, (*Daily Reg.*, *March 9th*, *1882*), the Court of Appeals, without passing upon the right of an executor, who is also trustee of personal property under the will, to charge commissions in both capacities, says that, while it may be conceded that, so long as the two characters of executor and trustee are co-existent, commissions may be retained as executor only, it is otherwise when there has been a separation of duties performed in the two capacities, and that, where powers and duties are conferred upon an executor, not as incidents to his office of executor, but as belonging to an entirely distinct character, that of trustee, a separate compensation may be allowed for services as trustee to be paid out of the trust fund.   And the court goes on to say: " No doubt a separation by order or decree of a court or Surrogate, as in Ward v. Ford, and *In re* Carman (*supra*), would be the most satisfactory evidence of the real relation of the party to the fund. But the statute (Code, § 2514, subd. 6; § 2819) recognizes the existence of the office of executor and of testamentary trustee in the same person, and provides for compensation of each under certain circumstances (§§ 2736, 2811).

Their duties are separable, and that separation may be determined without the interposition of a judicial proceeding."

It is true that it may be said that, since the decision in Ward v. Ford, and *In re* Carman (*supra*), the legislature has declared its disapproval of the rule allowing double commissions on the same fund, to the same person acting in different capacities (Code, § 2738; *Throop's note*); but that section does not *expressly* apply to the case of an executor who is also a trustee under the same will (Redf. L. and Pr. Surr. Cts., *2d ed.*, *705*), and the Court of Appeals, in Hurlburt v. Durant (*supra*), decided since the enactment of said section of the Code, does not seem to consider that it offers any objection to allowing commissions as executor and as trustee to the same person on the same fund.   Although the question now under discussion was not decided in either Hall v. Hall, or Hurlburt v. Durant (*supra*), it may be considered safe to follow the decisions rendered in the Matter of Carman and in Ward v. Ford (*supra*), in view of the apparent approval with which those two cases are quoted by the Court of Appeals.

The executors and trustees also ask leave to retain, from the balance in their hands, the sum of $280, paid to a bookkeeper for making up their accounts, in addition to the counsel fees authorized by § 2562.

This claim cannot be allowed.   It is the duty of an executor or trustee to render and settle his account without any other expense to the estate than the sums authorized to be allowed to him by §§ 2561 and 2562 of the Code, and such taxable disbursements as are connected with the judicial proceedings (Code, §§ 2561, 2562; Fowler

v. Lockwood, *3 Redf.*, *465*, *467*; Brown's Accounting, *16 Abb.*, *N. S.*, *457*, *469*).

Decreed accordingly.