In the Matter of the Judicial Settlement of the Accounts of FRANK J. SHERMAN and Others, as Trustees under the Last Will and Testament of ELIZABETH B. WALKER, Deceased, Appellants. FRANCES BROWN, Beneficiary, Respondent.

Third Department, March 15, 1934.

*Morgan E. Welsh*, for the appellants.

*Ezra M. Horton* [*David W. Burke* of counsel], for the respondent.

BLISS, J. This is an appeal by the executors of the last will and testament of Elizabeth Benedict Walker, deceased, from a decree of the Surrogate's Court of the county of Saratoga, made

and entered on September 20, 1933, directing that they pay to Frances Brown, the life beneficiary, under the fifth clause of the will of decedent, the sum of $607.50. This sum represented commissions at the rate of five per cent which had been theretofore deducted from the payments to said Frances Brown on the bequest of $1,800 annually out of the income from decedent's personal investments. The will provides as follows:

"*Fifth.* I also direct and authorize my said Executors to pay out of any income so arising from my personal investments, to Frances Brown of Burlington, Vermont, during the period of her lifetime, the sum of Eighteen hundred dollars annually, and to be paid to her in quarterly payments of $450 each quarter of the year."

This decree was made on an intermediate accounting after a previous accounting had about five years ago. On the prior accounting the balance of principal on hand amounted to about $96,000. On the present accounting the total amount of principal with which the executors are charged is about $97,000. These figures are mentioned solely for the purpose of showing that the principal of the fund was more than sufficient to produce the $1,800 of income which the will directed to be paid annually to Frances Brown. The surrogate has held that commissions upon income must be deducted from the whole income, that the $1,800 per annum is payable out of any balance of income remaining after payment of commissions and other necessary expenses and that the amount of $1,800 per annum is not subject to diminution for commissions so long as the total amount of income is sufficient to pay the commissions and other necessary expenses.

Section 285 of the Surrogate's Court Act provides that where an executor is required to receive income and pay over the same and he does pay it over and renders an annual account to the beneficiary of all his receipts and disbursements on account thereof, he shall be allowed and may retain the same commission on the amount so accounted for as he would be allowed upon principal on a judicial settlement. No question is raised as to the right of these executors to commissions from some source on this annual payment of income of $1,800. The life beneficiary contends only that commissions may not be deducted from the amount directed to be paid to her. The amount of commissions which an executor may retain is based upon the total amount of income accounted for during each year. Under the statute he may retain the same commission on this amount as he would be allowed upon principal on a judicial settlement. The commission on annual income, therefore, is to be computed at the same rate and in the same manner as on principal. The fund primarily liable for commissions upon principal

is the general or residuary estate. Commissions are not chargeable on legacies, except by way of abatement, when the general estate is insufficient to pay both the legacies and the commissions. (*Westerfield* v. *Westerfield*, 1 Bradf. 198.) The same rule applies here. Upon annual income the general fund of income is primarily liable for commissions. Commissions are not chargeable upon a legacy of a specific amount of income, except by way of abatement, when the general fund of income is insufficient to pay both the legacy and commissions.

In the instant case the annual income arising from the decedent's personal investments amounts to more than $1,800. Consequently the executors' commissions on this annual income must be first paid out of the general fund of income. The annual payment of $1,800 to Frances Brown is payable out of any income remaining after retention of commissions. There was, during each of the years accounted for, annual income more than sufficient to pay both commissions and other deductible expenses of administration and also the $1,800 payment to Frances Brown. She is entitled to receive the full amount of the payment directed to be made to her each year without deduction of commissions therefrom.

The decree of the surrogate should be affirmed, with costs to all parties filing briefs in this court, payable out of the estate.

HILL, P. J., McNAMEE and HEFFERNAN, JJ., concur; RHODES, J., concurs in the result.

Decree affirmed, with costs to all parties filing briefs in this court, payable out of the estate.