## In the matter of Kellogg, an infant.

The investment or re-investment of the fund in the hands of a guardian, or trustee, or receiver, upon new securities from time to time, for the purpose of producing an income therefrom, is not such a paying out of the trust monies by him as to entitle him to commissions for paying out the money; neither can he charge new commissions for collecting, or receiving back, the principal of the fund which he has thus invested. But he is entitled to commissions upon the interest or income, produced by such investments, received and paid out by him.

One half of the commissions specified in the statute are allowed for receiving and one half for paying out the trust monies; and where the guardian or other trustee performs one service and not the other, he is only entitled to half commissions.

Upon passing the accounts of a guardian, receiver, or committee, periodically, during the continuance of his trust, he should be allowed one half commissions, at the rates specified in the statute, upon all monies received by him as trustee, other than the principal monies received from investments made by him on account of the trust estate, and one half commissions on all monies paid out by him, other than monies invested or reinvested by him; leaving the residue of his half commissions for paying out the fund for future adjustment, when the fund shall have been disbursed by him, or when he makes a final settlement of his account upon the termination of the trust.

THIS was an application to confirm the report of one of the vice chancellors, to whom it was referred by an order of the chancellor to pass the accounts of the guardian of an infant, periodically. From the report of the vice chancellor, which was made upon the passing of the first account of the guardian, it appeared that such guardian had received for a legacy due to his ward, including interest on the same, the sum of $11,036 48. On which sum the vice chancellor had allowed the guardian full commissions for receiving and paying out the same, although he had only paid out the sum of $516,36; the residue of the fund having been invested by the guardian upon bond and mortgage. The guardian had also received the further sum of $50,60, due to the infant on a note, on which no commissions were allowed upon passing the account.

September 18.

THE CHANCELLOR. The officer, in passing this account, has erred in allowing to the guardian his full commissions, both for receiving and paying out the whole amount received for the legacy and interest; although the principal part of that fund still remains in the hands of the guardian in bonds and mortgages taken by him upon the reinvestment of the money. This mode of computing the commissions would be correct if the infant were now of age and this was a final settlement of the account of the guardian, with a view to turn over the whole fund to his ward, as a balance due to the latter on such final accounting. But a different mode of computation must be adopted upon the periodical passing of the accounts of the trustee, where the trust still continues and the trust fund is to remain in his hands or under his control. In the case of *Vanderheyden* v. *Vanderheyden*, (2 *Paige's Rep.* 287,) this court decided that where the master was directed to take the account with annual rests, for the purpose of charging the guardian or trustee with interest on the balances remaining in his hands from time to time, it was proper to compute his commissions upon his receipts and disbursements of each year, so as to credit such commissions in the annual accounts; for the purpose of ascertaining the true balance due from him annually upon which the interest was to be charged. And the same principle has been considered as applicable to the case of receivers and guardians, who actually render or pass their accounts periodically under the general rule, or in conformity with a special order made in the particular case. (*See* 6 *Paige's Rep.* 216.) But it certainly was not the intention of the legislature, or of this court, to sanction the principle of allowing to the guardian or other trustee full commissions upon every receipt and reinvestment of the trust fund committed to his care and management. The result of such a principle of computing the allowance for commissions, if the investments of the trust fund were made from year to year and the accounts were rendered or passed annually, would be to give the trustee his full commissions upon the principal of the trust fund every year, as well as upon the income thereof received and expended from

1838.

In the matter
of Kellogg.

time to time. And where the trust fund was less than $1000, if it did not produce more than five per cent interest, the whole income would not only be exhausted in payment of the commissions of the trustee, but in the course of time the commissions payable upon the receipt and disbursement of the interest annually would sink the principal also.

The investment or reinvestment of the fund, from time to time, upon new securities for the purpose of producing an income therefrom, is not such a paying out of the trust monies as entitles the guardian or trustee to commissions for paying out the same, within the intent and meaning of the statute on this subject; unless such securities are finally turned over to the cestui que trust as money, or otherwise applied in payment on account of the estate. Neither is the guardian or trustee entitled to charge a new commission for the collecting or receiving back of the principal of the fund which he has so invested. But he will be entitled to commissions upon the interest or income of the fund produced by such investments, and received and paid over by him.

The statute gives a certain allowance by way of commissions for receiving and paying out monies, by executors, guardians, &c., without specifying how much is to be allowed for receiving and how much for paying out the same. And it may sometimes happen, upon a loss of the fund without any fault on the part of the guardian or other trustee, or upon a change of trustees, that the guardian or trustee may be entitled to compensation for one service and not for the other. In such cases the language of the statute must be construed with reference to the decision of Chancellor Kent in the *Matter of Roberts*, (3 *John. Ch. Rep.* 43,) where he first established the allowance to be made in such cases, in conformity with the directions of the act of April, 1817; that is, to allow one half commissions for receiving and one half for paying out the trust monies. The proper rule therefore for computing the commissions upon the first annual statement, or passing of the accounts, of the guardian, receiver, or committee who is required to render or pass his account periodically during the continuance of the trust, is to allow him one half of the commissions, at the rates spe-

cified in the statute, upon all monies received by him, as such trustee, other than the principal monies received from investments made by him on account of the trust estate. And he is also to be allowed his half commissions on all monies paid out by him, other than monies invested or reinvested by him in bonds and mortgages, stocks, or other securities, for the benefit of the trust estate under his care and management; leaving the residue of his half commissions upon the fund which has come to his hands, and which remains invested or unexpended at the time of rendering or passing such account, for future adjustment when such funds shall have been expended, or when the trustee makes a final settlement of his account upon the termination of the trust. And upon every other periodical statement of the account during the continuance of the trust, half commissions should be computed in the same manner upon all sums received, as interest or income of the estate or as further additions to the capital thereof, since the rendering or passing of his last account, and half commissions upon all sums expended except as investments.

In the present case the whole amount received by the guardian, for the benefit of his ward, previous to the 25th of July, 1838, the time of passing the account, was $11,087 08; and the amount of his expenditures, other than the monies invested by him upon bond and mortgage, was $516,36. He is therefore entitled to his half commissions, on the monies received, at the rate of two and an half per cent on the first $1000, one and a quarter per cent on the next $4000, and one half of one per cent on the residue thereof; amounting, in all, to the sum of $105,43. And he is entitled to the further sum of $12,90, for his half commissions, at the rate of two and a half per cent, upon the amount of his expenditures. Crediting him therefore the $10,600 which he has invested upon bonds and mortgages for the benefit of the estate, it will leave a balance due to him, upon the passing of his account, in July last, of $147,61; which sum, together with the taxable costs of passing the account and of this application to confirm the report, is to be allowed to him by the vice chancellor upon the passing of his next

annual account. The register will therefore enter an order to confirm the report, with this modification thereof as to the commissions allowed to the guardian.