JACOB H. CLUTE, AS TRUSTEE OF THE ESTATE OF JOHN GOULD, DECEASED, APPELLANT, *v.* MARY L. GOULD AND OTHERS, RESPONDENTS.

*Commissions — when they are to be allowed on each of several distinct trusts — they are to be charged upon the income — Right of a trustee to the taxable costs of an action brought by him — his right to receive a portion thereof from the attorney employed by him.*

A testator by his will, after providing for the payment of debts and making certain specific legacies, devised and bequeathed $30,000 to his executor in trust, to invest and collect the interest and income thereof, and pay over the same to the testator's widow so long as she lived unmarried; he then directed his executor to divide all the rest and residue of his estate into five equal parts, and devised and bequeathed each one of said parts separately to his executor to be held in trust for one of the five children of the testator, as therein provided. He appointed one Savage guardian and trustee of his children, and executor of his will. The testator died in 1874, and in April, 1878, Savage was removed for misconduct. April nineteenth the plaintiff was appointed trustee, and in June, 1878, he was appointed administrator with the will annexed. Upon an accounting by the plaintiff:

*Held*, that the plaintiff was entitled to commissions as trustee upon each of the six distinct trusts held by him, even though there had been no actual division of the estate into separate funds.

That the commissions upon the income received for and paid over to the widow, should be paid from it, and not from the general estate.

That no commissions should be allowed upon principal paid in and reinvested.

Several actions to foreclose mortgages belonging to the estate were brought by the trustees. In two of these the property was bought upon the sale by third persons, who paid the full amount due, including all costs. In another the property was bought in by the estate. In one of the two cases, first mentioned, the attorney for the trustee paid him $100, and in the other $200, from his costs. In the last case he paid him $100 therefrom. It was not shown that any bargain had been made between the trustee or his attorney, nor was it claimed that it was not wise to foreclose the mortgages.

*Held*, that the trustee was improperly charged by the surrogate with the amounts paid in the two cases in which the costs were paid by strangers, but was properly charged with the amount of the payment made from the costs which were paid by the estate.

APPEAL from a portion of a decree made by the surrogate of Albany county, upon a voluntary intermediate accounting of the plaintiff, as trustee under the will of John Gould, deceased.

John Gould died in 1874, leaving a last will and testament, which was admitted to probate by the surrogate of Albany county, December 14, 1874. The testator, after making provision for the payment of debts and funeral expenses, and after a bequest of specific articles of personal property and of the sum of $1,000 to the executor named in the will, and a further bequest of certain other articles of personal property to his five children, share and share alike, gave, devised and bequeathed to his executor the sum of $30,000, in trust, to invest the same on bond and mortgage and to pay the interest and income thereof to his widow, Mary L. Gould, one of the respondents. He directed his executor to divide the residue of his property, real and personal, over and above the said $30,000, into five equal parts, and devised and bequeathed each of said parts separately to his executor in trust to invest the same on bond and mortgage, collect the interest and income of each portion, and out of the same to pay for the education and the proper and reasonable support and maintenance of the said five children, one portion being set apart for each until said children should arrive respectively at the age, in case of males, of twenty-one years, in case of females, of twenty-five years, and to invest for each child respectively whatever balance of interest and income might remain of each child's portion, after paying for his support, education and maintenance, on bond and mortgage, and pay over the accumulations of such portion to such child after his arriving at the age aforesaid.

The will named Edward Savage guardian and trustee of the children and their estates and executor of the will. Subsequently Savage was removed for misconduct, and on the 19th of April, 1878, the appellant was appointed trustee. Soon after, in June, he was appointed administrator with the will annexed, and the respondent, Mary L. Gould, was appointed general guardian.

The questions raised by the appeal relate solely to the commissions and compensation of the appellant, as trustee and administrator, etc.

*Alva H. Tremain*, for the appellant.

*J. C. Winslow*, for Mary L. Gould, general guardian, respondent.

LEARNED, P. J.:

The first question is whether the trustee is entitled to compute his commissions on each separate trust. The respondents insist that this is a case where the trust is inseparable from the executorship and that commissions can be given only in one capacity, and that too upon the aggregate.

Mr. Clute was appointed trustee by the Supreme Court in May, 1878, and administrator with the will annexed, by the surrogate, in June, 1878. He was therefore trustee before he was administrator. This fact indicates a separation of the trusts from the executorship. (See *Hall* v. *Hall*, 78 N. Y., 535.) And again on the case as presented it does not appear that he has done any acts as administrator or claimed commissions as such. Mr. Gould died in 1874, and the executor had had time enough to perform the duties specially appropriate to that office before Mr. Clute was appointed trustee. We think then that under this will the funds may be considered as held by Mr. Clute as trustee. And so the surrogate treats him in the decree.

As such trustee he holds six distinct trusts. If each trust were held by a separate trustee, of course each trustee would be entitled to his commissions on the income received by him. So it should be, though the trusts are held by one trustee. This is not like the case of an executor. (*Betts* v. *Betts* 4 Abb. N. C., 322.) There could not be several executors, each managing one part of an estate and having no control over the residue. But here the trusts and the *cestuis que trust* are distinct. And this is so, although there has been no actual division of the funds into several parcels. We think therefore that the trustee was entitled to compute his commissions on the income of each of the trusts separately.

*Second.* The will did not give an annuity to Mrs. Gould. It gave a certain sum to the trustee to be held in trust to invest and

to pay her the income. All the rest of the property, after certain special legacies, was to be divided into five parts, each to be held on a trust. In such a case the commissions on the income are to be paid out of the income and not from the general estate. (*Whitson v. Whitson*, 53 N. Y., 479.)

*Third.* There are three intems of $500, $3,568 and $3,900, which it is admitted represent a change of investment from indebtedness on mortgage to the property covered by the mortgage; the property having been foreclosed and bid in by the trustee. No commissions are allowable on such reinvestment, and they were properly disallowed. (*Matter of Kellogg*, 7 Paige, 265.)

*Fourth.* The trustee brought several foreclosure suits upon mortgages belonging to the estate. Mr. Tremain acted as the attorney. There was no express arrangement as to the amount which he should charge for services. In two of these cases persons other than the trustee bought the property for the full amount, including costs, and the attorney paid Mr. Clute in the one case $100, and in the other case $200. In another case where the estate bought in the property upon foreclosure, the attorney paid Mr. Clute $100 from the amount allowed him for costs, and paid therefor by the estate. In cases other than the three above specified, being cases where the property was bought in by the estate, the trustee paid the attorney the amount allowed as costs.

The surrogate charged Mr. Clute with the $400 thus received and interest.

Of the eleven foreclosures, four were commenced by the previous trustee. No allegation is made that it was not wise to foreclose the other mortgages. Whether Mr. Clute· ought to have made a bargain with the attorney prior to bringing the suits as to compensation would depend probably on facts as to which we find no proof; that is, for instance, whether such a bargain could have been made with a reputable attorney, etc. Without any proof on that point certainly the neglect to make such a bargain is no ground for blame.

In regard to the money received in the two cases where the property was bought by other persons, it is true that by the old Code (§ 303) costs were said to be allowed to the prevailing party. That precise language seems to be omitted in the Code of Civil Procedure. (Sec. 66.) Still now the compensation of the attorney is governed

by agreement. And he has a lien on the cause of action. (Same section.) Now although the taxable costs are no conclusive proof of the amount payable for the attorney's services, yet it is familiar to every one that, when the recovery and costs have been collected, the amount of the costs, at least, if not some greater sum, is taken as the attorney's compensation. The costs are intended to pay, at least in part, for the expenses of the litigation. They are not intended to increase the client's recovery. No one considers that, in any ordinary case, the client has any beneficial interest in the taxable costs, even if the legal title may be in him. When these two foreclosures had been carried through, and the estate had recovered the debt, in the absence of any agreement to the contrary, it is safe to say that the attorney's compensation would at least be the taxable costs.

Now, it is true, as the respondents insist, that a trustee is not to make a profit from the estate, and cannot be allowed a counsel fee. But in the present case there is no evidence that the payments by Mr. Tremain to Mr. Clute were anything but voluntary gifts. And even if we assume, from the situation of the parties, an implied understanding, still the difficulty remains that no profit was made out of the estate. That is to say, the taxable costs recovered out of the property did not in any true sense belong to the estate. In the case of *Collier* v. *Munn* (41 N. Y., 143), cited by the respondents in support of their views, it is said, at page 147, that a receiver, to which officer the court likens an executor, is not entitled to counsel fees in suits prosecuted by himself as attorney and counsel. But " the costs legally taxable by statute he is entitled to." So that, according to the doctrine of that case, Mr. Clute might himself have brought the foreclosure suits and retained to himself the taxable costs actually recovered out of the avails of the sale ; the property having sold for enough to pay recovery and costs. The same idea is indicated in *Matter of Niagara Bank* (6 Paige, 213). There is a wide difference between a trustee's charging the estate for legal services rendered to it, and his recovery out of some other person payment for such services without any loss to the estate.

I have examined the text-books and the cases cited by the respondents on this point. I find none where it is held that, if a trustee acts as attorney and collects taxable costs out of the opposite party,

he may not retain them, when the claim belonging to the trust estate has been fully paid. " The rule really is that no one who has a duty to perform shall place himself in a situation to have his interest conflicting with that duty." (*Broughton* v. *Broughton*, 5 DeG., M. & G., 160.) Of course such a transaction may give occasion to suspicion. If proof were to be given that, on any such understanding, the trustee had employed an incompetent attorney, or had foreclosed mortgages which should not have been foreclosed, another question would arise. But nothing of that kind appears here.

In regard to the other case, where the estate bought in the property, the money for that case came from the estate. What, under the circumstances, would be a fair compensation to the attorney for his services might be doubtful. The estate failing to collect the debt was obliged to compensate the attorney, and if Mr. Clute was to share in the compensation, then the estate was obliged to compensate him. The money was practically paid by Mr. Clute as trustee to himself individually. We think that this was properly charged by the surrogate.. What Mr. Tremain accepted for his services is all which the estate was bound to pay.

These are the only respects in which the decree of the surrogate is appealed from. It should be modified in the respects stated, viz.: 1. Commissions should be computed on the income of the six trusts separately. 2. The commissions on Mrs. Gould's income should be deducted therefrom, and the trustee should not be charged with the seventy dollars commissions. 3. The trustee should not be charged with the $100 and the $200 paid him by Mr. Tremain, or the interest thereon in the cases where the property was bought by third persons.

The trustee should have costs of this appeal against Mary L. Gould legatee and general guardian.

Present — LEARNED, P. J., BOOKES and WESTBROOK, JJ.

Decree modified: (1) commissions allowed trustee on six trusts separately; (2) commissions on Mrs. Gould's income to be deducted therefrom and not charged against trustee; (3) trustee not to be charged with $100 and $200 paid him by Tremain or interest thereon; trustee to have costs of appeal against Mrs. Gould, legatee and general guardian.