NEW YORK COUNTY.—HON. D. G. ROLLINS, SURRO-GATE.—January, 1886.

PHILLIPS *v.* LOCKWOOD.

*In the matter of the guardianship of the property of* CARRIE L. PHILLIPS, *an infant.*

The temporary general guardian of an infant's property, on retiring from office at the instance of his ward, who, having arrived at the age of fourteen years, petitions for the appointment of another in his place, is entitled to commissions upon the entire principal of the estate handed over to his successor.

Matter of Kellogg, 7 *Paige*, 265—distinguished.

JUDICIAL settlement of the account of John E. Lockwood, as general guardian of property of infant. The facts appear sufficiently in the opinion.

FETTRETCH, SILKMAN & SEYBEL, *for guardian.*

OLIVER W. BEAL, *for ward.*

THE SURROGATE.—The guardian who is here accounting claims that he is entitled to full commissions, both on the principal of his ward's estate, now about to be surrendered to his successor, and upon the income received and paid out.

.This claim seems to me to be just. He is retiring from his office, not because he wishes to surrender, but at the express instance of his ward, who is now more than fourteen years of age, is a married woman, and has asked that her husband be appointed her guardian in place of this accounting party.

It was held, in Matter of De Peyster (4 *Sandf. Ch.*, 511), that a testamentary trustee, on his being discharged from his trust and transferring the property in his hands to his successor, was entitled to commissions on the capital of the estate, consisting of stocks, bonds and mortgages, although the same had come to him from his predecessor, and had not been invested or converted by him; it was also held that he was entitled to commissions on the real estate which his predecessor had bid in on the foreclosure of mortgages; the same being in equity personalty, so far as the trust estate was concerned.

The trustee who, in Matter of Jones (4 *Sandf. Ch.*, 616), was denied commissions on the capital of his trust resigned voluntarily, for the mere reason that he wished to be relieved. This, also, was the case in Matter of Allen (29 *Hun*, 7).

Matter of Kellogg (7 *Paige*, 265) is cited by the petitioner in opposition to the claim of the retiring guardian. It was there declared by the Chancellor that an investment by a guardian of the funds of his ward, upon bond and mortgage, was not such a paying out as entitled the guardian to commissions. That case, however, was one of a periodical accounting during the continuance of the trust, and thus differed essentially from the present proceeding, which is to

terminate in the final judicial settlement of the account, and the turning over of the entire fund to the new guardian.