Brady, J.
This action was brought to set aside a fraudulent agreement induced by the defendants, and for an accounting between the parties, who were partners under the firm name of Brett, Son & Company, as an incident of the dissolution of the co-partnership. The plaintiff succeeded. At the commencement of the action Charles L. Wright was appointed receiver, and the order expressive of that event contained among other things the following: “To carry on the said shipping business as heretofore carried on, to such an extent only that he may charter the vessels of the said co-partnership to other parties for hire, until such time as said vessels can be sold to advantage, and Avith full power and authority to such receiver to sell the same (vessels) upon such terms as he may deem proper, and as are approved by this court.”
The firm named, for many years prior to the commencement of this action, had been engaged in the shipping and commission business, which involved the procurement of charters for vessels, for which they charged a commission of five per cent; and, Avith a view to greater success, they had purchased fractional interests, which were still owned *706 in about fifty-one vessels, and hence the provision in the order just referred to, the object of which was to secure to the firm the commissions which might be earned prior to the sale of the vessels.
The receiver at once took possession of the property, and continued in the active management of the firm’s business, chartering, re-chartering, repairing, insuring and disbursing the vessels, until the latter part of December, 1884, a period of two and one-half years, when the vessels were sold and the business wound up.
In March, 1885, an order was entered requiring the receiver to file his account, and in April, 1885, the accounts having been filed and objections having been made to them, an order was made referring them, with power to the referee to take testimony in support of the accounts and of the objections. The referee, in stating the accounts, allowed the receiver five per cent on $356,787.23, the total sum received and disbursed by him in the management of the trust; which, computed, amounted to $17,839.36; but surcharged the accounts and debited him with $5,302.48, for brokerage and commissions paid his own firm for services in chartering and selling vessels, thus leaving the receiver’s net compensation $12,536,85.
The plaintiff filed many exceptions, not only to the findings of the referee but to refusals to find as requested, and, upon a hearing before Justice Lawrence, at special term, he directed the further investigation by the referee of an item in the receiver’s accounts of “sundry assets, disbursements and dividends, other than Brett, Son & Co., of $125,249 and $2,049.27, which the plaintiff insisted consisted wholly of dividends paid to owners other than Brett, Sons & Go., and which was denied by the receiver. The referee took further testimony, and reported that of the sum mentioned, namely, $125,249.47, the sum of $5,549.05 only was paid to the owners in various vessels other than Brett, Son & Co., the balance consisting of disbursements made in the management of the business of the trust. To this report several exceptions were taken, as well as to the refusal to find as requested, and, upon a further hearing thereafter had, the reports of the referee were confirmed and the accounts of the receiver stated and passed.
The plaintiff complains of the unsuccessful manner, ■ tested by pecuniary results, in which the business was conducted, but the receiver thoroughly understood the_ business, it would seem from the evidence, and devoted himself to it, aided and assisted by his firm and employees, and there is no evidence warranting the charge of waste or negligence. He may have committed errors of judgment in not selling the interests in the vessels, or some of them, *707 at an earlier date, but this alone would not subject him to a loss of his commissions. The parties in interest could have accelerated that event by application to the court if the facts warranted it and the receiver refused to sell.
The first point taken by the appellant in his behalf, however, is that there was no authority in law for an allowance of commissions upon the sum of $125,249.47, already mentioned. And this seems to be predicated of the asserted fact that the sums of which this amount was composed were paid to owners other than Brett, Son & Co.; but this claim, as we have seen, was the subject of a further investigation, by which it was shown that the dividends, as reported, were only $5,249.47, and the balance $119,720.93, disbursements.
It is true that the evidence on the subject is in conflict, inasmuch as the receiver’s bookkeeper, by a detailed statement puts the sum of dividends paid at $12,168.01, and there is reason to credit the statement, as he made up the accounts for the receiver; and as made up they were presented and therefore adopted. Beyond that sum, however, there should be no difference made as to this item.
The business properly recorded necessarily embraced numerous accounts and the amount to be paid to the different shareholders in the vessels, depended upon the profits after payment of all the expenses; and this would include the commission, if any, chargeable to each of such shares. Each share, in other words, should bear its burden. The accounts have not been kept in that mode, and as contended in behalf of the defendant, it nowhere appears how much, if any, of the gross sum collected and disbursed, would be represented upon an apportionment by the shares in the vessels owned by Brett, Son & Company, nor how much by the shares held by the owners. The best that can be legally done, therefore, in regard to that item is, to do what has already been done, namely, to increase the, amount to be deducted for dividends and correspondingly diminish the commissions.
There can be no doubt, that the receiver should not be allowed to charge the firm of Brett, Son & Company, for a service rendered partly to them and partly to another, and that this rule should be generally applied, if it could be, in the settlement of the accounts.
The appellant also objects to the allowance of any commission on the sale of the barks “Hosea Bich,” and “Alice Campbell,” in which Brett, Son & Company, had an interest. The allowance of a commission on any sum beyond the interest of that firm, for reasons already assigned, was erroneous. The commissions should be apportioned, which could easily be done if the interests were known, as they *708 seem to have been. If this procedure involved troublesome details, the receiver would have been justified in submitting and asking for the latter’s compensation by a proper award.
The allowance of commissions upon the items “ purchase of bark J. G-.Williams, $13450. expense of transfer, purchase of Atlantic scrip, $5,100,” is claimed to be erroneous, upon the principle that commissions c<ui only be allowed upon the aggregate of capital and income as received once and paid out once. The receipt of a sum on a sale and investment to produce income, is not such an act of receiving and paying out as entitles one to commissions. Betts v. Betts, 4 Abb. N. C., 436; Redfield on Surrogates, 701; Valentine v. Valentine, 2 Barb. Ch., 430; Drake v. Prill, 5 N. Y., 430; Dayton on Surrogates, 535; Matter of Kellogg, 7 Paige, 265; Clute v. Gould, 28 Hun, 348.
This vessel was one on which Brett, Son & Company, had a mortgage which was foreclosed by the receiver, and the vessel bought in. He paid for the purchase with money in his hands. The process in the transaction involved a mere memorandum. The money of Brett, Son & Company, was paid by the receiver for the vessel to the receiver as owner of the mortgage.
The referee found as a conclusion of law that the receiver was not entitled to any commissions upon these items, and the allowance in any form seems to be unauthorized. He was entitled to his commissions on the money which was in his hands as part of the assets, and which he employed to make the purchase, and which was doubtless given him, but nothing more on the authorities cited.
The same rule applies to the insurance scrip". It was bought with money in his hands as part of the trust fund. This was an investment only. The expenses of both proceedings, however, should be allowed, as the firm or the plaintiff had the benefit of them.
The allowance of commissions upon the sum of $2,077.63 dividends for sundry owners other than Brett, Son & Co. is governed by the same rules heretofore stated as to dividends and should not have been allowed.
The house of Brett, Son & Co. did their business on commission, and the owners had to pay them before their dividend could be declared or the commission charged, and the dividend declared according to the balance found. The Code by section 3320 declares that, except as otherwise specially prescribed by statute, a receiver is entitled, in addition to his lawful expenses, to such a commission, not exceeding five per centum upon the sums received and disbursed by him as the court or judge by whom he is appointed allows ; and under the circumstances developed by the record five per cent is not too much. Indeed, with *709 the inroads made upon the amount of it by the judgment to be pronounced herein, the compensation he is to receive is perhaps too small. It is true that he was unfortunate in depositing some of the funds in a bank which became insolvent; but the deposit was not unusual, and the bank was in good credit, and the act was one which a prudent, conservative business man might well have done. He should not suffer, therefore, for the event mentioned.
The other objections argued have been examined, but have not received favorable consideration. If cannot well be gainsaid that the duties of the receiver herein were diverse, complicated and difficult, and that he should be liberally paid if there were any means of accomplishing that result, provided they were fully and properly discharged. The burdens of such a post are not always recognized as they should be, financially, by the gift of the allowance provided for by statute, although in many instances it is otherwise. Here the receiver, it may be, will not receive a fair remuneration for his services, but this cannot be avoided. It cannot be said emphatically that his administration was a decided success, and that should affect the reward to be given for his labors. Under all the circumstances, it is thought that justice has been done by the, results declared herein, and the judgment must be modified in the respects suggested, and as modified affirmed, without costs to either party.
Daniels and Davis, JJ., concur.