In the Matter of the Judicial Settlement of the Intermediate Account of Proceedings of DANIEL S. FLINN, as Substituted Trustee under the Last Will and Testament of THOMAS J. CARRICK, Deceased.

THOMAS J. CARRICK, Appellant; DANIEL S. FLINN, Respondent.

Third Department, March 4, 1925.

Trusts — testamentary trusts — compensation for services — beneficiaries made voluntary payments to trustee — no evidence that payments were for legal services only — said payments should be taken into consideration in making allowance for commissions.

Payments made voluntarily by the beneficiaries of a trust to a trustee should be taken into consideration by the surrogate in fixing commissions of the trustee, under section 285 of the Surrogate's Court Act, where there is no evidence that the payments were made and received by the trustee for legal services rendered by him to the estate; and it was, therefore, error for the surrogate to allow the trustee, in addition to the voluntary payments, full commissions as trustee.

APPEAL by Thomas J. Carrick from a decree of the Surrogate's Court of the county of Albany, entered in the office of said surrogate on the 30th day of July, 1924, in so far as it relates to commissions allowed upon the trustee's intermediate accounting.

*John F. Brady* [*John J. McManus* of counsel], for the appellant.

*Harry T. O'Brien* [*P. C. Dugan* of counsel], for the respondent.

PER CURIAM:

The respondent was substitute trustee under a will. Upon his intermediate accounting objection was filed by one of the beneficiaries of the trust, alleging that he and the other beneficiaries had paid to the trustee moneys which, at the time such payments were made, they were given to understand were for compensation of said trustee for his services as such. The objecting beneficiary prayed that the amounts so paid by the beneficiaries be allowed and set off against any commissions claimed by the trustee upon the settlement of his account. The trustee answered that the sums so paid to him by the beneficiaries were received and paid to him for legal services rendered by him to said estate. The proofs show that the payments were voluntarily made for services but we fail to find evidence sufficient to show that there was any understanding or agreement that such payments were for compensation for legal services alone, as found by the surrogate. The proofs fail to show that the trustee caused the beneficiaries or any of them to have any such understanding of the nature of the payments to him, clear and free from ambiguity or the likelihood of false assumption on their part, as was his duty. In this state of the record, it was error for the surrogate to allow to the trustee, in addition to the voluntary payments, full commissions as trustee. (*Savage* v. *Sherman*, 24 Hun, 307; 87 N. Y. 277.) The surrogate was authorized by law to allow the trustee for his separate legal services such compensation as shall appear " to the surrogate to be just and reasonable." (Surrogate's Court Act, § 285.) This he expressly disclaimed doing, having found that the executed agreement of the parties had rendered it unnecessary.

The decree of the surrogate in so far as it allowed commissions to the trustee should be reversed upon the law and the facts and a new trial granted, with costs to the appellant payable out of the estate.

All concur.

Decree so far as appealed from reversed upon the law and facts and new trial granted, with costs to the appellant payable out of the estate.