In the Matter of the Estate of HUGH GLENN, Deceased.

Surrogate's Court, Oneida County, June 16, 1930.

*P. C. J. De Angelis*, for the Utica Trust and Deposit Company.

*Dunmore, Ferris & Dewey* [*Thayer Burgess* of counsel], for Lucie C. Wicks and Jane P. Hodge.

Evans, S. Hugh Glenn was a prominent merchant in the city of Utica, N. Y., and while a resident there he died in London on November 5, 1904. He left a will that was admitted to probate by this court on January 14, 1905.

The Utica Trust and Deposit Company was named executor, and its account as such was judicially settled by a decree bearing date June 24, 1907. The gross assets amounted to approximately $462,000. The funeral expenses, debts and expenses of administration approximated $8,000.

For our present purpose the details of the decree mentioned are unnecessary. It is sufficient to state that with the exception of certain bonds, the estate was distributed, the bulk of which went to two daughters of the testator by a former marriage. His widow was given the use and income during her lifetime of certain railroad and water bonds, valued at $140,000, and upon her death the bonds were to be equally divided among the children of the testator.

Mrs. Glenn survived her husband twenty-five years, the date of her death being November 2, 1929.

It appears that during this long period the executor has continued to function under circumstances that have caused it to claim compensation in addition to its commissions deducted at the time of the judicial settlement. The validity of this claim is the sole matter now presented for determination.

The decree of judicial settlement in so far as it concerns the subject-matter under consideration contains this provision: " That said executor turn over and deliver to said Fannie Ellen Glenn the bonds set apart for her as aforesaid by said executor, to wit, sixty (60) bonds of $1000 each of the Northern Pacific Railway Company, forty (40) bonds of $1000 each of the Southern Pacific Railway Company, twenty (20) bonds of $1000 each of the Consolidated Water Company of Utica, sixteen (16) bonds of $1000 each of the Atchison, Topeka & Santa Fe Railway Company and eight (8) bonds of $500 each of the Atchison, Topeka & Santa Fe Railway Company with the coupons attached thereto, said bonds to be held by her during her lifetime and upon her death to be disposed of as provided by said will upon her giving a bond within fifteen days after the entry of this decree for the protection of the remaindermen herein in the penal sum of Two hundred eighty thousand dollars (280,000) to be approved by the Surrogate of Oneida County, and in case of the failure to give such bond, the said executor herein Utica Trust & Deposit Company hold and retain said bonds and dispose of the same according to the terms of the will of decedent herein."

Mrs. Glenn did not furnish the required bond, but on June 28, 1907, she executed and delivered to the executor an instrument that recited the 5th clause of the testator's will, the provisions of the decree of judicial settlement, and an allegation that she declined to receive the bonds and declined to give a bond for their security and requested, consented and agreed that the bonds should be held and retained by the executor and finally to be disposed of according to the terms of the will. For this service the executor was to receive the annual sum of $200 to be deducted from the income, and in addition to the service, the executor was to furnish a safety deposit box in which to keep the bonds.

The provisions of this agreement were fully performed by the parties. The payment of further compensation to the executor is resisted by the remaindermen on the ground that it received its commissions at the time of the judicial settlement and further that for any subsequent service rendered it has been paid by Mrs. Glenn. No evidence has been produced from any person now having

personal knowledge of the circumstances connected with the execution of the agreement by Mrs. Glenn with the executor. Evidently she entertained the idea that her failure to furnish a bond imposed upon her a financial obligation to compensate the executor for holding the bonds, collecting and paying over the income. It seems clear that the executor is bound by its contract and is not entitled to further compensation, based on the amount of income collected and paid. (*Matter of Carrick*, 212 App. Div. 186.)

Whatever its legal right may have been to commissions on income, I think that this feature is merged in the contract. The right of the executor to commissions on the corpus presents a more difficult problem.

The provisions of the will appear to require of the executor the performance of duties both as executor and trustee. The decree of judicial settlement terminated the ordinary and usual duties of the executor.

If Mrs. Glenn had furnished the required bond I think that the responsibility of the executor would have ended upon delivery to her of the securities. This she declined to do and made her own private agreement with the executor. This transaction appears to have been unnecessary. In the absence of a bond, the executor was legally bound to retain the securities, pay over the income and after the death of Mrs. Glenn, distribute the corpus to the remaindermen. The executor could not and did not evade this responsibility. In this respect the executor acted as a trustee. Under this state of facts the question is presented whether the executor is legally entitled to commissions as trustee. It has divided the securities and money in its hands between the two remaindermen, retaining a small balance pending a determination of its right to commissions.

There are reported cases where the duties of executor and trustee are so blended that a separation is impossible. Another class permits a separation but there is no accounting until the termination of duties in both capacities. As a rule double commissions are denied in both instances. (*Matter of Slocum*, 169 N. Y. 153; *Johnson* v. *Lawrence*, 95 id. 154.)

Authority to award commissions both as executor and trustee to the same person seems to require the existence of two facts. One is a will that by its terms effects a clear and definite distinction between the duties of executor and trustee. The other fact is that there shall be an accounting by the executor as such followed by a decree and from that point the executor assumes the care and management of the trust fund thus acting as a trustee. The matter under consideration appears to come under this rule. There was

an accounting showing performance of the ordinary and usual duties of an executor. There was a division of the estate to the persons entitled to it, excepting the trust fund represented by the bonds. The agreement by the life beneficiary and the executor could not change or modify the legal duty of the executor to the remaindermen. There was no escape from official responsibility during the lifetime of Mrs. Glenn.

The distribution of the securities after her death and the rights of interested persons under the will could not be affected by her agreement with the executor.

In *Hurlburt* v. *Durant* (88 N. Y. 121, 122) the court announced the rule that " It seems that when by the terms of a will, an executor also becomes a trustee or a donee of a trust power, powers being conferred and duties imposed upon him, not as incidents of his office as executor, but as belonging to that of trustee, the trust and executorship are distinguishable and separate, and a separate commission may be allowed for services as trustee to be paid out of the trust fund."

This subject received attention in the case of *Ward* v. *Ford* (4 Redf. 34), in which it was held that double commissions will not be allowed to executors as testamentary trustees except where the will shows that a trust has been created separate and distinct from their duties as executor. In such a case commissions will be allowed although the trustees have not received the fund by actual transfer from a second party but from themselves as executors.

In *Phœnix* v. *Livingston* (101 N. Y. 451, at p. 455) this language is used: " It is impossible to reflect upon these provisions of the will without a resultant conviction that the testator contemplated and provided for two separate duties to be performed by his representative; one as executor and the other as trustees; the latter to commence at the termination of the former, and to begin with a severance of the trust estates from the general assets and to be held and managed thereafter by his executors or some among them in the capacity of trustees. Such a severance was in fact made. The accounts of the executors as such were settled and there was nothing but the trust estates to be managed for the beneficiaries."

That case held that the executors were entitled to commissions in both capacities.

Other cases to this effect might be cited.

I hold and decide that the executor is entitled to commissions as trustee based on the amount of the corpus but not income of the property held by it during the lifetime of the widow, and upon her death distributed to the remaindermen.

Decreed accordingly.