OPINION OF THE COURT
C. Raymond Radican, J.
As part of an application dated December 20, 1991, to withdraw funds in this guardianship of a mentally retarded person, the guardian also requests the allowance of certain commissions upon the filing of two annual accounts.
Principal commissions of guardians are governed by SCPA *665 2307 (1) for receiving and paying out sums similar to executors. However, whereas commissions on the receipt and payment of principal must await the judicial settlement of the fiduciary’s estate, the guardian is also entitled to annual income commissions if he is required to receive and pay over income and files an annual account (SCPA 2307 [4]; 10E CoxArenson-Medina, NY Civ Prac ¶ 3207.11). If an annual account is not filed or if the commissions on the income were not withheld for a particular year, the commissions for receiving and paying out the income may be applied for on the judicial settlement of the account provided there is on hand undisbursed income sufficient to pay the uncollected commissions for the particular year involved; payment may not be made out of principal still on hand or if the income on hand for the particular year is deficient, it may not be supplied from income from another year.
The periods for which commissions are sought relate to two filed annual accounts, one from May 11, 1989 to May 10, 1990 and the second from May 11, 1990 to May 10, 1991. In the first period, the total income received amounts to $4,257 and for the second period, $4,387.67. It does not appear from the accounts filed that any of the income remains on hand since expenditures far exceed the income earned. Accordingly, pursuant to the statute, income commissions would not be available.
The application for withdrawal of funds also includes in the computation of commissions additional sums paid out beyond the income received. Apparently it is the guardian’s contention that receipts of Social Security payments are income and that, accordingly, annual income commissions may be based on such receipts. While the payment of income commissions is in any event moot, the court nevertheless believes it important to dispose of this question. The court believes the following statement in Matter of Kellogg (7 Paige 265) should be dispositive of the issue. There the court stated (at 267): "Neither is the guardian or trustee entitled to charge a new commission for the collecting or receiving back of the principal of the fund which he has so invested. But he will be entitled to commissions upon the interest or income of the fund produced by such investments, and received and paid over by him.” (Italics supplied; see also, Matter of Decker, 37 Misc 527.) Social Security payments are actually additions to princi *666 pal and not income produced by the assets held in the guardianship estate. Accordingly, the guardian is instructed that no future applications for income commissions based on Social Security payments will be entertained by the court. The application for commissions is denied.